# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| EUNIECE DELLINGER, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CASE NO. 3:19-cv-814 |
| | § | |
| UNICO FLOORING DISTRIBUTORS, INC. | § | JURY DEMANDED |
| | § | |
| Defendant | § | |

## COMPLAINT AND JURY DEMAND

To the Honorable United States District Court:

Plaintiff EUNIECE DELLINGER ("DELLINGER") files her Complaint against Defendant UNICO FLOORING DISTRIBUTORS, INC. ("UNICO") and in support respectfully shows the Court as follows.

## I. NATURE OF THE CASE

1. Plaintiff DELLINGER brings claims for and arising from unauthorized access to her personal Internet-based email storage account by her former employer, Defendant UNICO. DELLINGER retained an information technology ("IT") expert who used Internet Protocol ("IP") address geolocation technology, which determined that DELLINGER's private email account was accessed from or through an IP address traced to a physical address located at or near the work premises of Defendant UNICO. Moreover, DELLINGER learned, after she resigned from her employment position with UNICO, that UNICO has in its possession DELLINGER's personal emails and confidential information obtained from her personal email account without her consent, knowledge or authorization. DELLINGER brings suit for violations of the federal Stored Communications Act, the Texas Theft Liability Act and for common law claims of invasion of privacy and conversion of personal property.

Complaint and Jury Demand - Page 1

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff DELLINGER brings suit under the Stored Communications Act. *See* 18 U.S.C. §§ 2701-13.

3. This Court has personal jurisdiction over Defendant UNICO, an entity incorporated under the laws of the State of Texas, which resides and conducts substantial business activity in the Northern District of Texas. In addition, UNICO engaged in the statutory violations and tortious conduct of which DELLINGER complains within the State of Texas.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c) and (d), because (i) both parties are residents of the State of Texas, and UNICO resides and conducts business in this District and (ii) a substantial part of the events or omissions giving rise to the claims occurred in this District. In addition, the IP address from or through which Plaintiff's private email account was unlawfully accessed was traced to this District. The statutory violations and tortious conduct of which Plaintiff complains therefore occurred in the Northern District of Texas.

## III. PARTIES

5. Plaintiff DELLINGER is an individual who resides in and is a citizen of the State of Texas.

6. Defendant UNICO is a corporation organized and existing under the laws of the State of Texas and has its principal place of business located at 9101 Diplomacy Row; Dallas, Texas 75247 ("UNICO Business Address"). Defendant UNICO can be served with summons by delivery to its registered agent, Olubunmi Oladunjoye, at 9101 Diplomacy Row; Dallas, Texas 75247.

## IV. FACTS

7. Plaintiff DELLINGER is a former employee of Defendant UNICO, a Texas corporation engaged in the business of re-selling and installing construction materials it purchases from manufacturers. DELLINGER was hired by UNICO in July 2016 and resigned from her position as a sales representative, effective August 31, 2018. DELLINGER did not have access to UNICO'S computers after August 27, 2018.

8. DELLINGER is, and throughout her employment with UNICO was, the sole authorized holder and user of a private email account ("DELLINGER Email Account") provided by an Internet-based electronic communications service provider ("Email Service Provider"). The Email Service Provider acts as an intermediary to store DELLINGER's electronic communications for purposes including backup protection.

9. DELLINGER can access the DELLINGER Email Account only through the Internet by use of a protected password. DELLINGER is the sole authorized holder and user of the protected password.

10. DELLINGER owns and has exclusive rights to her information and data stored in the DELLINGER Email Account. The stored correspondence, information and documents are DELLINGER's personal property and confidential information.

11. DELLINGER did not inform UNICO of her password or authorize UNICO or any individual or individuals acting on behalf of UNICO, or with its consent, authorization or approval ("UNICO Authorized Representatives"), to use her password or to otherwise access the DELLINGER Email Account; to access or view her personal or confidential information stored in the Account; to acquire, take possession of, download, replicate and/or distribute information or data stored in the Account; or to otherwise engage in any use of the Account or its contents.

12. After DELLINGER resigned her employment with UNICO, she received communications from UNICO that included emails acquired from the DELLINGER Email Account without her consent, knowledge or authorization. DELLINGER immediately conducted a review of the available data pertaining to her Email Account.

13. Although, at the time of the review, certain available data dated back only to September 25, 2018, that data showed that an individual using an Internet Protocol ("IP") address that was not authorized by DELLINGER had unlawfully accessed the DELLINGER Email Account on at least 36 occasions during the time period beginning on September 25, 2018 through October 18, 2018. DELLINGER changed her password when she discovered the unlawful access.

14. On information and belief, the IP Address used to unlawfully access the Dellinger Email Account is the IP address assigned to UNICO ("UNICO IP Address").

15. On January 16, 2019, DELLINGER sent written notice to UNICO advising that her private emails had been unlawfully accessed, replicated and distributed and that UNICO possessed emails that had been unlawfully replicated and/or distributed by or to UNICO. DELLINGER requested that UNICO advise of the individual(s) who obtained access to the DELLINGER Email Account; how UNICO obtained possession of DELLINGER's personal emails and confidential information; and provide each IP address for UNICO and its representatives who worked at the UNICO Business Address. DELLINGER also requested that UNICO permit her IT expert to access the UNICO computer that DELLINGER had used during her employment with UNICO, to allow the expert to obtain data and conduct a forensic analysis to determine the individual or individuals who unlawfully accessed DELLINGER's personal email account; and/or viewed, downloaded, replicated, acquired, took possession of and/or

distributed her personal emails and stored confidential information and data. A true and correct copy of DELLINGER's notice letter is attached as Exhibit "A" and fully incorporated by reference.

16. UNICO did not provide the requested information and refused to allow DELLINGER or her IP expert access to the computer. UNICO did not return the unlawfully obtained personal emails or confidential information and, on information and belief, did not delete or destroy the unlawfully obtained documents or information.

17. UNICO, acting on its own behalf and through the UNICO Authorized Representatives, accessed, viewed, downloaded, replicated, acquired, took possession of and/or distributed DELLINGER's personal and confidential information, data and property without Plaintiff's consent, knowledge or authorization. UNICO continues to possess DELLINGER's personal property, confidential information and data, even after receiving DELLINGER's January 16, 2019 notice advising that the foregoing property, information and data were unlawfully acquired and distributed.

18. All conditions precedent to bringing this action have occurred or have been waived by UNICO.

19. DELLINGER has retained counsel and is obligated to pay said counsel a reasonable fee for their services.

## V. CLAIMS

### COUNT ONE
### VIOLATIONS OF THE STORED COMMUNICATIONS ACT (18 U.S.C. §§ 2701-13)

20. DELLINGER realleges and incorporates by reference all prior paragraphs of this Complaint as if set forth fully in this paragraph.

21. DELLINGER is a "person" within the meaning of 18 U.S.C. § 2707(a).

22. On information and belief, UNICO and/or one or more of the UNICO Authorized Representatives willfully and intentionally accessed a facility through which an electronic communication service is provided, namely, DELLINGER's Internet-based, private email account where her confidential emails and information are stored. UNICO thereby obtained access to wire or electronic communications while they were in electronic storage in a defined facility, in violation of 18 U.S.C. § 2701(a).

23. UNICO did not have DELLINGER's permission to access the DELLINGER Email Account, nor would UNICO have been given permission if DELLINGER, the genuine account holder, knew of UNICO's conduct. UNICO viewed, downloaded, replicated, acquired, took possession of and/or distributed DELLINGER's personal and confidential information, data and property obtained from DELLINGER's private email account without her consent, knowledge or authorization.

24. UNICO did not return the documents or data after it received DELLINGER's January 16, 2019 notice.

25. UNICO violated the federal Stored Communications Act because the access to the DELLINGER Email Account was not authorized. In addition, UNICO knowingly, willfully and intentionally authorized, ratified, approved and/or attempted to benefit from the unlawful conduct of which DELLINGER complains.

26. As a result of UNICO's violations, DELLINGER has incurred damages in the minimum amount of $30,000.00, to retain an IT expert and attorneys to investigate the unlawful conduct of UNICO and the UNICO Authorized Representatives; to attempt to obtain the return of her personal and confidential information; and to bring this proceeding. DELLINGER has also suffered loss of her personal property and diminution in the value of her confidential information as a result of UNICO'S conduct. DELLINGER's damages are ongoing.

27. DELLINGER seeks an award of the greater of the actual damages suffered or the statutory damages; punitive damages; attorney's fees and other costs of this action; and appropriate equitable relief, including injunctive relief, as provided in 18 U.S.C. § 2707.

**COUNT TWO**
**INVASION OF PRIVACY: INTRUSION ON PLAINTIFF'S SECLUSION**
**(TEXAS COMMON LAW)**

28. DELLINGER realleges and incorporates by reference all prior paragraphs of this Complaint as if set forth fully in this paragraph.

29. UNICO, acting on its own behalf and through the UNICO Authorized Representatives, secretly and without authorization accessed DELLINGER'S personal, private Internet-based email account and/or reviewed or acquired her personal, confidential information and data stored in the DELLINGER Email Account, which included her emails, contacts, photographs, financial and personal health information and additional business and personal information.

30. Under Texas law, unauthorized access to an individual's personal emails constitutes a highly offensive intrusion into the individual's right to privacy. In engaging in the foregoing conduct, UNICO intentionally intruded on DELLINGER's solitude, seclusion, and private affairs.

31. In addition, UNICO stole, converted and/or misappropriated DELLINGER's personal and confidential information, which is an additional intentional intrusion on DELLINGER's solitude, seclusion, and private affairs.

32. UNICO's intrusions were highly offensive to DELLINGER and would be highly offensive to a reasonable person. UNICO's conduct has caused DELLINGER mental anguish and emotional and physical pain and suffering.

33. As a result of UNICO's violations, DELLINGER has incurred damages in the minimum amount of $30,000.00, to retain an IT expert and attorneys to investigate the unlawful conduct of UNICO and the UNICO Authorized Representatives; to attempt to obtain the return of her personal and confidential information; and to bring this proceeding. DELLINGER has also suffered loss of her personal property, diminution in the value of her confidential information and mental anguish and pain and suffering as a result of UNICO'S conduct. DELLINGER's damages are ongoing.

34. DELLINGER seeks compensation for the actual damages suffered, together with costs of court and pre- and post-judgment interest, and additional relief permitted under Texas law.

35. UNICO knowingly, willfully and intentionally intruded upon Plaintiff DELLINGER's privacy, or acted with conscious disregard to DELLINGER's privacy and property rights, when UNICO and the UNICO Authorized Representatives engaged in the foregoing conduct. UNICO therefore acted with gross negligence, and DELLINGER seeks exemplary damages based on the foregoing conduct.

**COUNT THREE**
**VIOLATIONS OF THE TEXAS THEFT LIABILITY ACT**
**(TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 134)**

36. DELLINGER realleges and incorporates by reference all prior paragraphs of this Complaint as if set forth fully in this paragraph.

37. UNICO, acting on its own behalf and through the UNICO Authorized Representatives, violated the Texas Theft Liability Act ("TTLA") as UNICO unlawfully appropriated DELLINGER's personal property and confidential information obtained through theft and conversion. *See* TEX. CIV. PRAC. & REM. Code §§ 134.001 *et seq.*

38. Under the TTLA, a person who commits theft, as defined in the Texas Penal Code, is liable for damages resulting from the theft. The Texas Penal Code defines "theft" as unlawful "appropriation of property." TEX. PEN. CODE § 31.03. To "appropriate" property is "to bring about a transfer or purported transfer of title to or other nonpossessory interest in property," or "to acquire or otherwise exercise control over property." TEX. PEN. CODE § 31.01(4). "Property" includes both "tangible or intangible personal property" and documents. *Id.* § 31.01(5).

39. UNICO by its conduct violated the TTLA by unlawfully bringing about a transfer of, acquiring and/or exercising control over DELLINGER's personal property, documents and confidential information without DELLINGER's consent, knowledge or authorization.

40. As a result of UNICO's violations, DELLINGER has incurred damages in the minimum amount of $30,000.00, to retain an IT expert and attorneys to investigate the unlawful conduct of UNICO and the UNICO Authorized Representatives; to attempt to obtain the return of her personal and confidential information; and to bring this proceeding. DELLINGER has also suffered loss of her personal property and diminution in the value of her confidential information as a result of UNICO'S conduct. DELLINGER's damages are ongoing.

41. DELLINGER seeks compensation for all such damages and injury, and also seeks compensation for court costs and attorney's fees as permitted under the TTLA, together with pre- and post-judgment interest.

42. DELLINGER also seeks additional damages as permitted under section 134.005 of the TTLA, as UNICO, acting on its own behalf and through the UNICO Authorized Representatives, acted knowingly, willfully, intentionally or with gross negligence in engaging in the conduct of which DELLINGER complains.

## COUNT FOUR
## CONVERSION (TEXAS COMMON LAW)

43. Plaintiff DELLINGER realleges and incorporates by reference all prior paragraphs of this Complaint as if set forth fully in this paragraph.

44. DELLINGER owns the rights to the DELLINGER Email Account; the contents of the Account; a confidential password to access the Account and information contained in and attached to the emails. This Account and the information contained in the Account constitute the confidential personal property of DELLINGER.

45. UNICO, acting on its own behalf and through the UNICO Authorized Representatives, unlawfully accessed, viewed, downloaded, replicated, acquired, took possession of and/or distributed DELLINGER's personal emails and confidential information. UNICO retains possession of DELLINGER's personal property and confidential information, without DELLINGER'S consent or authorization. UNICO did not return DELLINGER'S property and continues to retain possession of the unlawfully acquired property.

46. UNICO's conduct constituted and continues to constitute an unlawful exercise of dominion or control over DELLINGER's personal property and confidential information, in violation of DELLINGER's property rights. UNICO therefore acted to the exclusion of, and inconsistent with, DELLINGER's ownership rights.

47. As a result of UNICO's violations, DELLINGER has incurred damages in the minimum amount of $30,000.00, to retain an IT expert and attorneys to investigate the unlawful conduct of UNICO and the UNICO Authorized Representatives; to attempt to obtain the return of her personal and confidential information; and to bring this proceeding. DELLINGER has also suffered loss of her personal property and diminution in the value of her confidential information and mental anguish as a result of UNICO'S conduct. DELLINGER's damages are ongoing.

48. DELLINGER seeks compensation for all such damages and injury, and also seeks compensation for court costs and pre- and post-judgment interest.

49. DELLINGER also seeks exemplary damages, as UNICO, acting on its own behalf and through the UNICO Authorized Representatives, acted knowingly, willfully, intentionally or with gross negligence in engaging in the conduct of which DELLINGER complains.

## VI. DEMAND FOR A JURY TRIAL

50. Plaintiff DELLINGER hereby demands a trial by jury on all issues so triable.

## VII. REQUEST FOR RELIEF

51. Plaintiff EUNIECE DELLINGER respectfully requests that the Court:

(1) Permanently enjoin Defendant, and all other persons and representatives who are or were acting in concert or participation with Defendant, from continuing to access Plaintiff's personal email accounts without her consent or authorization;

(2) Order that Defendant delete and permanently remove all digital and other files relating to information obtained from Plaintiff's private email account, without her consent, knowledge or authorization, from each of the computers and other information storage devices under Defendant's possession, custody or control or those of its representatives;

(3) Order that Defendant delete and permanently remove copies of all of Plaintiff's emails and other documents and information that Defendant and its representatives have on computers or other information storage devices, and all paper and other copies of such emails and information, under Defendant's and its representatives' possession, custody or control;

(4) Award Plaintiff damages as sought in this Complaint;

(5) Award Plaintiff her reasonable attorney's fees and costs as sought in this Complaint;

(6) Award Plaintiff pre- and post-judgment interest; and

(7) Grant Plaintiff any other and further relief this Court deems just and proper.

Respectfully submitted,

GREER, SCOTT & SHROPSHIRE, L.L.P.


 /s/ Karen G. Shropshire
By:  Karen G. Shropshire
State Bar No. 08417150
Attorney in Charge
300 Preston Commons West
8117 Preston Road
Dallas, Texas   75225
214.706.9250
713.223.0174 (Fax)
kshropshire@greerscottlaw.com

**ATTORNEYS FOR PLAINTIFF
EUNIECE DELLINGER**